UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                                                :
                                                :
KAREEM RICHARDSON                               :
                                                :
                    Plaintiff,                  :         11 Civ. 5733
                                                :
         v.                                     :         **OPINION**
                                                :
CITY OF NEW YORK, et al.,                       :
                                                :
                    Defendants.                 :
                                                :
------------------------------------------------x

      Plaintiff Kareem Richardson filed this complaint pursuant to 42 U.S.C. § 1983 alleging that he was injured while in prison and did not promptly receive sufficient medical care.  The action is brought against the City of New York, the Commissioner of the New York Department of Corrections, and Prisoners Health Services, and a Dr. Parks of PHS.  Defendants move to dismiss for lack of personal jurisdiction and failure to state a claim.

      The court should grant the motion.

## FACTS

      The pertinent facts are drawn from the complaint, facts subject to judicial notice, and plaintiff's *in forma pauperis* petition.

      Plaintiff Kareim Richardson is incarcerated in the George Motchan

Detention Center ("GMDC") in East Elmhurst, New York. He filed this complaint on August 10, 2011, asserting that he badly injured his knee while in prison and did not receive sufficient medical care in a timely manner. He claims to have suffered a broken leg, emotional and mental distress, and pain and suffering. Although the complaint is difficult to follow, it appears that plaintiff is alleging that he suffered delays and difficulties in obtaining medical treatment on his knee, and was only able to achieve such treatment after great efforts on his part. The reason for his knee injury apparently had to do with "unleveled" floors in the "east gym" of the GMDC. Richardson appears to be asserting claims of deliberate indifference to his serious medical needs in violation of the Eighth Amendment of the United States Constitution.

In his form complaint, Richardson answered "No" when asked whether he had filed any grievances in prison regarding this situation. He also answered "Yes" when asked whether his prison has a grievance procedure for inmates, but said "No" when asked if it covered the claims asserted in this case. In response to a question as to why he did not utilize the grievance procedure, he wrote that the grievance procedure does not provide for monetary damages in the amount he is requesting. He also stated that he told a few prison guards about his claim.

Defendants have set forth facts indicating that there is a grievance procedure for claims regarding medical care, such as Richardson's. This policy is known as New York City Department of Health and Mental Hygiene's Health Care Access and Improvement, Correctional Health Services Interdisciplinary

Policy Number 16 ("Policy Number 16").  Policy Number 16 allows an inmate to file a complaint about his actual or proposed medical treatment, get a second opinion, and appeal any treatment decision.  The staff of the prison is required to assist prisoners in writing up their complaints if prisoners so request.  Prisoners are given a brochure notifying them of their rights to make complaints and obtain second opinions.  Richardson did not avail himself of this procedure before filing this suit.

Defendants also point out that the New York Department of Corrections has a disciplinary procedure that inmates may utilize for other types of grievances.  This procedure is described in many judicial decisions, including Piper v. City of New York, No. 02 Civ. 1708 (WHP), 2004 U.S. Dist. LEXIS 29214, at *6 (S.D.N.Y. Mar. 17, 2004).[1]  In short, it requires filing a grievance with the Inmate Grievance Review Committee ("IGRC"), which may then be resolved either informally by the IGRC or through a formal hearing by the IGRC.  Then if the inmate is dissatisfied, he may appeal first to the New York Department of Correction Central Office Review Committee ("CORC"), then to the facility warden, and ultimately to the Board of Correction.  Id.  To properly exhaust one's administrative remedies, all five steps must be complied with.  Id. at *6-7.  Richardson did not avail himself of this procedure before filing this suit.

Richardson also filed an *in forma pauperis* application along with the

---

[1] The court takes judicial notice of both of the disciplinary procedures described herein, which are appropriate subjects for judicial notice.  See Robinson v. New York City Dep't of Corrections, No. 06 Civ. 945 (GEL)(MHD), 2007 U.S. Dist. LEXIS 96851, at *7 n.2 (S.D.N.Y. Mar. 7, 2007).

complaint, in which he indicated under penalty of perjury that in the last twelve months, he had not received any money from any source.  He also answered "No" when asked whether he has "any money, including any money in a checking or savings account."  In the application, Richardson also requested and authorized the prison to send this court a copy of his prison account statement for the last six months.  His account statement shows that he received a number of deposits in his inmate account in prison, for a total of $1845.50, within the six-month period preceding his complaint this lawsuit.

Defendants move to dismiss the case on a number of grounds, including plaintiff's failure to promptly serve two of the defendants, misrepresentations on plaintiff's *in forma pauperis* application, and plaintiff's failure to exhaust his administrative remedies in prison.  Plaintiff never responded to the motion.

## DISCUSSION

Failure to Serve Parks and PHS

Two defendants, Parks and PHS, move to dismiss for lack of service.  Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff has 120 days to serve a defendant.  Here, the court entered an order of service on September 15, 2011, directing service within 120 days.  All defendants have been served except Parks and PHS.  The 120-day time limit expired more than four months ago.  Richardson has not requested an extension.

The action is dismissed as to defendants Parks and PHS because plaintiff has failed to serve them in accordance with the court's September 15, 2011

order.  See Fed. R. Civ. P. 4(m).

*In Forma Pauperis* Form Misrepresentations

Although indigent plaintiffs may file suit *in forma pauperis* without paying a filing fee upon a showing of their indigence, pursuant to the Prisoner Litigation Reform Act ("PLRA"), where the plaintiff is a prisoner, "the court shall dismiss the case at any time if the court determines . . . that . . . the allegation of poverty is untrue."  28 U.S.C. § 1915(e)(2)(A).

Here, Richardson failed to disclose on his *in forma pauperis* application that he had received over $1,800 worth of deposits in his prison trust account in the six-month period prior to filing this suit.  However, it is reasonable to assume that he would not have understood that he was required to disclose funds in the prison trust account on the *in forma pauperis* application, which specifically asks only about checking or savings accounts and does not mention a prison trust account.

The motion to dismiss on this ground is denied.

Failure to Exhaust Administrative Remedies

The PLRA also mandates that no "action may be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 434

U.S. 516, 532 (2002).  Although exhaustion of administrative remedies does not need to be affirmatively pleaded by a prisoner, dismissal for failure to state a claim is appropriate if the facts demonstrating nonexhaustion are clear from the face of the complaint.  See Turner v. Zickefoose, No. 3:08 Civ. 1180, 2010 U.S. Dist. LEXIS 41884 (DJS), at *8-9 (D. Conn. Apr. 28, 2010).  There is a three-part test to determine whether nonexhaustion should be excused: (1) whether administrative remedies were, in fact, unavailable to the prisoner; (2) whether defendants have forfeited the affirmative defense of nonexhaustion; and (3) whether "special circumstances" exist to justify the prisoner's failure to comply.  Hemphill v. State of New York, 380 F.3d 680, 686 (2d Cir. 2004).

Here, in his form complaint, Richardson responded to the question, "Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?", by marking "No," and he also denies filing a grievance at any other jail, prison, or correctional facility.  His asserted reason for failing to do so is that the grievance procedure "doesn't provide for monetary damages in the amount requested."  He also stated that the grievance procedure did not cover any of his claims in this case.

However, as described above, the defendants have demonstrated that the City of New York does have a grievance procedure for prisoners, Policy Number 16, which would apply to claims of this nature for inadequate medical care.  The Department of Corrections also has a general grievance procedure for other grievances that arise in prison, as described above.  Richardson's complaint demonstrates that he knew that there was at least one grievance procedure,

but failed to comply with it because he thought it would not provide him with a sufficient monetary remedy. In conclusion, plaintiff does not claim that this grievance procedure was not available, defendants did not waive their nonexhaustion defense, and plaintiff has not shown the existence of any special circumstances justifying excusing him from the exhaustion requirement.

Defendants also refer to numerous other potential grounds for dismissing this case. Because plaintiff failed to exhaust his remedies or serve two of the defendants, the case is dismissed, and it is not necessary to address defendants' remaining arguments.

## Conclusion

The action is dismissed as to defendants PHS and Dr. Parks because of failure to serve. The action is also dismissed as to all defendants for failure to exhaust administrative remedies as already noted. Richardson has presented no opposition to the defendants' motions.

This opinion resolves the document listed as number 13 on the docket of case 11 Civ. 5733.

So ordered.

Dated: New York, New York
       September 27, 2012

_____
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Sept 27, 2012

- 7 -